UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-61676-Zloch-Rosenbaum**

KEVIN G. LEWIS,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

FILED by VT D.C.
ELECTRONIC

Oct. 20, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, KEVIN G. LEWIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NCO FINANCIAL SYSTEMS, INC., is a corporation and citizen of the State of Pennsylvania with its principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

October 20, 2008 – Pre-recorded message
You will be assisted as soon as possible. Please continue to hold.

October 23, 2008
(no audible voice)

October 24, 2008, 5:57 PM
(no audible voice)

October 24, 2008, 6:42 PM – Pre-recorded message

2

> Your call is very important to us. You will be assisted as soon as possible. Please continue to hold.
> We appreciate your patience. Please be assured that your call will receive the time and attention it deserves when we return to the line.
>
> October 24, 2008, 8:37 PM
> (no audible voice)
>
> October 25, 2008, 11:18 AM
> (no audible voice)
>
> November 1, 2008
> Hello. Hello.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic

3

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

4

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24. Plaintiff incorporates Paragraphs 1 through 17.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 17.

6

27. By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates Paragraphs 1 through 17.

29. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

7

    a.    Damages; and

    b.    Such other or further relief as the Court deems proper.

### COUNT VII
### DECLARATORY AND INJUNCTIVE RELIEF

30.    Plaintiff incorporates Paragraphs 1 through 17.

31.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

32.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

33.    Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

34.    Pursuant to 47 U.S.C § 227 (b)(3)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.    declaring that Defendant's practices violate the TCPA and the FCCPA;

    b.    permanently injoining Defendant from engaging in the violative practices; and

    c.    Such other or further relief as the Court deems proper.

### JURY DEMAND

8

Plaintiff demands trial by jury.

Dated this 20 day of October, 2009.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By:_____
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Kevin G. Lewis

**DEFENDANTS**

NCO Financial Systems, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09cv61676-Zloch-RSR

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff   ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| ☐ 2. U.S. Government Defendant   ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| | Citizen or Subject of a Foreign Country | | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | | ☒ 890 Other Statutory Actions* *A or B |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6. Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION No | DEMAND $ N/A | ☐ Check YES only if demanded in complaint  JURY DEMAND: | ☒ YES  ☐ NO |
|---|---|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):     JUDGE     DOCKET NUMBER

DATE: October 20, 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 547841    Amount: 350.00
Date Paid: _____   M/ifp: _____